UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSE COTAL,

    Petitioner,

v.                                                     Case No. 3:14cv19/RV/CJK

SAMUEL L. BATTS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court upon Jose Cotal's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) and the government's response to the petition (doc. 13). Petitioner has filed a reply (doc. 15) to the government's response. The matter is referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes the petitioner is not entitled to relief under § 2241, and the petition should be denied.

FACT BACKGROUND A PROCEDURAL HISTORY

    On March 4, 1994, petitioner was sentenced to 120 months in prison and 5 years of supervised release for conspiracy to possess with intent to distribute cocaine and use of a communication facility to facilitate the commission of a drug offense. (Doc. 13-2, p. 2). Petitioner began his 5-year term of supervision upon his release from prison on November 2, 2001. (Doc. 13-2, p. 2-3). On May 11, 2004, petitioner was arrested again, in Puerto Rico, on drug-related charges. (Doc. 13-1, p. 2). Because petitioner's arrest violated his conditions of supervised release, on

September 22, 2004, petitioner's probation officer requested the issuance of an arrest warrant. (Doc. 13-2, 2-4). On November 5, 2004, petitioner admitted he violated his conditions of supervised release, and was sentenced by the District Court for the District of Puerto Rico to 24-months in prison for the violation. (Doc. 13-2, p. 6-7). Petitioner commenced serving the 24-month sentence on November 5, 2004. (Doc. 13-1, p. 2; doc. 13-2, p. 10). Petitioner received prior custody credit toward the 24-month sentence from May 11, 2004, the date of his arrest, to November 4, 2004, the date before imposition of the sentence. (Doc. 13-1, p. 2; doc. 13-2, p. 10). In addition, petitioner's sentence was reduced for good conduct. (Doc. 13-1, p. 2; doc. 13-2, p. 10). On September 2, 2005, while serving his 24-month sentence, petitioner pled guilty to conspiracy to possess with intent to distribute cocaine, and attempt to possess with intent to distribute cocaine. (Doc. 13-2, p. 12). Although petitioner was scheduled to complete his 24-month sentence on February 5, 2006, (doc. 13-2, p. 10), the sentence ended on February 3, 2006. (Doc. 13-1, p. 3). Upon expiration of the 24-month sentence, petitioner remained in custody pending sentencing for the two 2005 convictions. (Doc. 13-1, p. 2). On September 22, 2006, petitioner was sentenced to 135 months' imprisonment for each drug-related charge. (Doc. 13-2, p. 12-13). The court ordered petitioner's 135-month sentences "to be served concurrently with each other and with the sentence for violation of supervised release." (Doc. 13-2, p. 13). Petitioner's 135-month sentence commenced on September 22, 2006. (Doc. 13-1, p. 3; doc. 13-2, p. 19). Petitioner received prior custody credit from February 4, 2006, the day after petitioner completed his 24-month sentence, through September 21, 2006, the day before the commencement of the sentence petitioner is currently serving. (Doc. 13-1, p. 3). Based on calculations completed by the Bureau of Prisons

("BOP"), petitioner is scheduled to satisfy his current 135-month sentence, via good conduct time, on November 23, 2015. (Doc.13-1, p. 3).

## DISCUSSION

Petitioner claims the BOP has failed to calculate the length of his sentence correctly. Petitioner argues that, per the sentencing court's order, his 135-month sentence should run concurrent to his 24-month sentence for the violation of his supervised release. (Doc. 1, p. 8). Petitioner asserts:

> Prior to accepting the plea agreement offered by the AUSA it was expressly agreed to by and among the AUSA, myself and my attorney that I was to receive as a "credit" against the 135 month term the time spent in total custody prior to this becoming final through the sentencing. The court ordered the sentence be run concurrent to the revocation. I can state for the record with absolute certainty that receipt of the 24 months credit was a condition precedent to me agreeing to the plea agreement in this case.

(Doc. 15, p. 1). Petitioner, therefore, argues that his 135-month term of imprisonment should run from his arrest date of May 11, 2004. (*Id.*).

"A sentencing court may allow 'terms of imprisonment imposed at different times . . . to run concurrently.'" *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (*citing* 18 U.S.C. § 3584(a)). Sentences may only run concurrently, however, if there is an undischarged term of imprisonment when the latter sentence is imposed. 18 U.S.C. § 3584(a) ("If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.]"). Here, the sentencing court appears to have made a mistake when it ordered petitioner's 135-month sentence to be served concurrently with his 24-month sentence. Petitioner's 135-month sentence could not be served

Case No 3:14cv19/RV/CJK

concurrently with his 24-month sentence because the 24-month sentence had ended before the 135-month sentence was imposed.  Petitioner was not subject to an undischarged term of imprisonment on September 22, 2006, the date his current sentence was imposed.  Moreover, petitioner's preferred interpretation of the court's order that his sentences run concurrently, whereby his 135-month sentence would share the same start date as his 24-month sentence, has been expressly rejected by the Eleventh Circuit.  *See Coloma*, 445 F.3d at 1284 (11th Cir. 2006) (*citing United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)) ("Whatever else [concurrent] means with regard to the second sentence, however, it does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'").  Federal law, therefore, precludes petitioner's 24-month and 135-month sentences from running concurrently.  As the affidavit attached to the Warden's response summarizes:

> Petitioner's 24-month federal sentence expired on February 5, 2006, the 135-month federal sentence imposed on September 22, 2006, commenced on imposition.  The petitioner was not serving another federal sentence at the time his new sentence was imposed therefore; the latest sentence cannot run concurrently.

(Doc. 13-1, p. 4).

Petitioner also claims the sentencing judge intended to allow a 24-month credit against the 135-month sentence.  (Doc. 1, p. 14).  In support of this claim, petitioner has attached a copy of a court order from his Puerto Rico criminal case.  (Doc. 1, p. 13).  The order denies two post-sentencing motions petitioner filed seeking the same relief raised in the present action.  *See United States v. Cotal-Crespo*, U.S. District Court for the District of Puerto Rico, Case No. 3:04cr167-DRD.  The text of the order

reads:

> ORDER denying [471] Motion to Clarify as to Jose Cotal-Crespo (1); denying [484] Motion to Clarify as to Jose Cotal-Crespo (1). In this particular case, the record is clear, and the defendant was sentence [sic] to a term of imprisonment of 135 months as to all counts in this case to be served concurrently with the term of supervised release imposed in Cr. 93-68 (JP). The Court may add that the defendant shall receive credit for time served since the date of arrest, which is May 11, 2004. IT IS SO ORDERED. Signed by Judge Daniel R. Dominguez on 6/21/2011. (om)

(Doc. 1, p. 13).

Petitioner's argument fails for two reasons. First, although petitioner is entitled to prior custody credit for some of his pre-sentence detention, he is not entitled to credit for the 24 months he served for the supervised release violation. The federal statute governing the calculation of a term of imprisonment provides:

> (b) Credit for Prior Custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Petitioner cannot receive prior custody credit towards the 135-month sentence for the period May 11, 2004, to February 3, 2006, because that time was already credited against the 24-month sentence for violation of supervised release. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for

his detention time."). Second, after a judge pronounces a defendant's sentence, the BOP becomes responsible for the computation of that sentence. *Id.* at 331-35 (after district court sentences defendant, Attorney General, through Bureau of Prisons, has responsibility for administering sentence, including awarding prior custody credit); *id.* at 334 ("[Section] 3585(b) does not authorize a district court to compute the credit at sentencing."). Because the BOP is responsible for determining petitioner's prior custody credit, the sentencing judge would not have the authority to order the BOP to apply a 24-month credit. *See Rey v. Warden*, No. 5:07-cv-249-Oc-10GRJ, 2009 WL 377186, *2 (M.D. Fla. Feb. 12, 2009) (*citing Wilson*, 503 U.S. at 334-35) ("The [district court's] order that Petitioner's sentence run concurrent to the prior sentence did not have the effect of ordering any particular prior custody credit to Petitioner; indeed the court would not have had the authority to order the BOP to apply such credit.")

Finally, petitioner claims he would not have pled guilty but for the agreement between him, his attorney, and the prosecutor that his 24-month sentence would be credited against his 135-month sentence. (Doc. 15). Petitioner claims the sentencing court's order that his 135-month "sentence be run concurrent to the revocation" reflects this agreement. (*Id.*). Petitioner's claim, however, is belied somewhat by the documents attached to his petition. The minutes of the September 22, 2006 sentencing proceedings indicate the prosecutor and petitioner agreed and recommended that petitioner be sentenced to 135-months' imprisonment on each drug charge, the sentences to run concurrently. (Doc. 1, p. 11). Petitioner also requested that his 135-month sentence run concurrently with his 24-month sentence. (*Id.*). The prosecutor left "such request to the sound discretion of the Court[,]" (*id.*), indicating

no agreement then existed as to how petitioner's 135-month sentence would run with respect to the sentence for his violation of supervised release.

In sum, the BOP has calculated petitioner's sentence in accordance with applicable law.  As petitioner's 24-month sentence expired before the 135-month sentence was imposed, the two sentences could not run concurrently.  Petitioner has also received all of the prior custody credit to which he is entitled.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 12th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.